IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Jamar Lavert Belk, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 0:15-1129-SB |
| v. ) | |
| ) | **ORDER** |
| Warden Stevenson, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court upon Petitioner Jamar Lavert Belk's ("Belk" or "the Petitioner") pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, wherein he alleges the following five grounds, taken verbatim from his petition:

**Ground One**: Did a conflict of interest exist, where petitioner was represented at P.C.R. by the same counsel as co-defendant

**Ground Two**: Counsel failed to do any investigation

**Ground Three**: Did the P.C.R. court err in ruling counsel was not ineffective when he failed to inform the petition[er of his] right to direct appeal or file the appeal.

**Ground Four**: Counsel was ineffective when he lied about a statement that petitioner was supposed to have writ[t]en, and he failed to prepare my case for trial.

**Ground Five**: Did the P.C.R. court err when the court ruled to challenge the delay of my indictments or my denial of my right to a speedy trial.

(Entry 1 at 5-12.)

On July 6, 2015, the Respondent filed a motion for summary judgment, and Belk filed a response in opposition. Pursuant to 28 U.S.C. 636(b)(1)(B) and the Local Rules for the District of South Carolina, the matter was referred to a United States Magistrate Judge

for review. On January 19, 2016, Magistrate Judge Paige J. Gossett issued a report and recommendation ("R&R") outlining the issues and recommending that the Court grant the Respondent's motion for summary judgment. Belk filed written objections to the R&R, and the matter is ripe for review.

## STANDARDS OF REVIEW

### I.   The Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the R&R to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b).

### II.   Summary Judgment

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. See



Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

### III. Habeas Corpus

Because the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).



In Williams v. Taylor, 529 U.S. 362 (2000), the Supreme Court explained that section 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. Id. at 404-05. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in controlling cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. Id. at 405-06. A federal habeas court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. Id. at 407-08. Factual determinations made by the state "shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

3

IV.    **Ineffective Assistance of Counsel**

The Sixth Amendment requires that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense," and that such assistance be effective. U.S. Const. Amend. VI; Strickland v. Washington, 466 U.S. 668, 686 (1984). In Strickland, the Supreme Court held that a meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient, and second, that counsel's deficient performance prejudiced the defense. Id. at 687-98. The first part of the test, a court's evaluation of counsel's performance, must be "highly deferential," so as not to "second-guess" the performance. Id. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (internal quotation marks and citation omitted); see also Fields v. Attorney Gen. of Maryland, 956 F.2d 1290, 1297-99 (4th Cir. 1992); Roach v. Martin, 757 F.2d 1463, 1476 (4th Cir. 1985). To establish prejudice and fulfill the second prong of the ineffective assistance test, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694-95.

**DISCUSSION**

I.    **Ground One**

As his first ground for relief, the Petitioner alleges that his PCR counsel was operating under a conflict of interest. In the R&R, the Magistrate Judge determined that

to the extent the claim is based on the alleged ineffective assistance of PCR counsel, the claim is not cognizable on federal habeas corpus review. Likewise, the Magistrate Judge determined that to the extent the claim is based on an alleged impropriety in the PCR process, the claim is not cognizable on federal habeas corpus review.

In his objections, the Petitioner simply disagrees with the Magistrate Judge's conclusion and reiterates his claim that his PCR counsel was operating under a conflict of interest because counsel represented a co-Defendant at another PCR hearing. Importantly, however, nowhere does the Petitioner point to any legal error in the Magistrate Judge's determination. As the Magistrate Judge noted, § 2254(i) specifically provides that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). In addition, to the extent the Petitioner's claim involves an alleged deficiency in the PCR process, the claim is not cognizable on federal habeas review. See Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) (holding that errors in connection with post-conviction proceedings are not cognizable on federal habeas review). Ultimately, the Court agrees with the Magistrate Judge's findings and finds the Petitioner's objection without merit.

II. **Ground Two**

As a second ground for relief, the Petitioner contends that counsel was ineffective for failing to conduct a proper investigation. Specifically, the Petitioner contends that counsel failed to discover a statement of Joshua Spire, which the Petitioner contends would have exonerated him. The Petitioner also contends that counsel failed to investigate alibi witnesses and exculpatory evidence and failed to recognize that the arrest warrants

were defective.

In the R&R, the Magistrate Judge quoted the PCR court's findings on this point and determined that the PCR court's denial of this ineffective assistance claim was neither contrary to, nor an unreasonable application of, Supreme Court precedent. In addition, the Magistrate Judge extensively reviewed the record and quoted several pages of testimony from the Petitioner's guilty plea before determining that the plea was knowing and voluntary. Ultimately, the Magistrate Judge determined that the Petitioner failed to establish that counsel erred. The Magistrate Judge also determined that the Petitioner failed to demonstrate that any of the PCR court's findings were unreasonable or incorrect. Accordingly, the Magistrate Judge recommended that the Court grant the Respondent's motion for summary judgment as to ground two.

In his objections, the Petitioner asserts that the Magistrate Judge overlooked state law, specifically Walker v. State, 756 S.E.2d 199 (2014), when considering this ground, and the Petitioner reiterates his claim that counsel failed to do any investigation.

In Walker v. State, the South Carolina Supreme Court affirmed the PCR court's grant of relief where trial counsel failed to interview someone as a potential alibi witness. The court in Walker quoted Strickland and noted that counsel has a duty to make reasonable investigations, but the court also noted the limited standard of review that appellate courts have over findings of the PCR court. In Walker, the PCR court had found the potential alibi witness to be credible and had concluded that the witness could have offered testimony that may have resulted in a different outcome at trial, and the Supreme Court affirmed the PCR court's findings.



Here, in contrast to Walker, the PCR court did not find ineffective assistance

6

regarding counsel's alleged failure to investigate the case. Specifically, as the Magistrate Judge also quoted in the R&R, the PCR counsel found:

> Applicant alleges a co-defendant, Joshua Squire[], had given a statement exonerating Applicant and the existence of such statement was favorable to his defense. Trial counsel testified that he has never found such a statement and the well-organized file he received from Applicant's prior appointed attorney did not contain any such statement. Absent the statement for the Court's review and in the absence of any evidence that trial counsel ever had possession of or ever saw such statement, the Court finds no ineffective assistance of counsel regarding the Squire statement.
>
> Applicant testified his mother and sisters would have provided him an alibi. Applicant's mother and sisters did not testify at his PCR hearing. Trial counsel testified that his investigator interviewed Applicant's mother and sisters and they would not have provided alibi defense testimony on behalf of Applicant. Applicant has failed to carry his burden of proof and trial counsel was not only not ineffective for not presenting alibi witnesses, but had none to call to testify.
>
> Applicant testified in addition to the matters set forth above that his arrest warrants were "wrong" and that there was a "delay" in his indictment. Applicant offered no evidence on either of these issues save his assertion that these are issues he had regarding trial counsel's representation. These allusions to the warrant's problem and the delayed indictment are facially without merit.

(Entry 18-1 at 74-75.)

Here, after review, the Court agrees with the Magistrate Judge that the PCR court's denial of the Petitioner's claim was neither contrary to, nor an unreasonable application of clearly established federal precedent. Moreover, the Court finds that the Petitioner's reliance on Walker is unavailing. Here, the PCR court denied the Petitioner' claim, and the Court agrees with the Magistrate Judge that the record supports the PCR court's decision. Accordingly, the Court grants the Respondent's motion for summary judgment as to ground two and overrules the Petitioner's objection.

### III. Ground Three

As his third ground for relief, the Petitioner contends that the PCR court erred in finding that counsel was not ineffective for failing to inform him of his right to appeal.

In the R&R, the Magistrate Judge agreed with the Respondent that this claim is procedurally defaulted because the Petitioner failed to raise the issue in his PCR application and the South Carolina Supreme Court.[1] In addition, the Magistrate Judge considered whether the Petitioner could demonstrate cause and prejudice[2] to excuse his procedural default pursuant to Martinez v. Ryan, – U.S. –, 132 S.Ct. 1309, 1315 (2012).[3]

---

[1] As the Magistrate Judge noted, when a federal habeas petitioner has failed to raise a claim at the appropriate time in state court and has no further means of bringing that issue before the state courts, the claim will be considered procedurally defaulted, and the petitioner will be procedurally barred from raising the issue in his federal habeas petition. Smith v. Murray, 477 U.S. 527, 533 (1986).

[2] A federal court can review a procedurally defaulted claim if the petitioner can demonstrate sufficient cause for the default and actual prejudice resulting from the failure, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478, 495-96 (1986). "Cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). If a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. Murray, 477 U.S. at 492. To show actual prejudice, a petitioner must demonstrate more than plain error. A petitioner must show an actual and substantive disadvantage as a result of the error, not merely the possibility of harm.

[3] Pursuant to Martinez, an error by a prisoner's PCR counsel during an initial state collateral review proceeding can qualify as "cause" to excuse the procedural default of a claim of trial counsel ineffectiveness if: (1) state law required the prisoner to wait until PCR to raise the Strickland claim; (2) the prisoner's underlying Strickland claim is "substantial"; and (3) the prisoner can establish that PCR counsel was ineffective under Strickland. Martinez, 132 S. Ct. at 1318-19. To the extent the Petitioner seeks to invoke Martinez to allege his PCR counsel was ineffective for failing to raise the claim, the Petitioner must "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the [petitioner] must demonstrate that the claim has some merit." Id.



8

Ultimately, however, the Magistrate Judge determined that the Petitioner failed to demonstrate cause because the underlying ineffective assistance of counsel claim is not a "substantial" claim.

In his objections, the Petitioner reiterates his claim that counsel was ineffective for failing to inform him of his right to appeal, and he claims that the issues was ruled on by the South Carolina Supreme Court.

After review, the Court agrees with the Magistrate Judge that this claim is procedurally defaulted because the Petitioner did not raise it in his PCR application. Furthermore, the Court agrees with the Magistrate Judge that <u>Martinez</u> does not excuse the procedural default because the underlying ineffective assistance claim is not a substantial one. That is to say, the Court finds that the Petitioner cannot show that he would have received relief on the ineffective assistance of counsel claim in the PCR matter because the record shows that Belk confirmed during his guilty plea hearing not only that he was aware of his right to appeal, but also that he was aware of the ten-day limit to seek an appeal. (Entry 18-1 at 14.) Accordingly, the Court overrules the Petitioner's objection and adopts the Magistrate Judge's findings.

### IV.   Ground Four

As ground four, the Petitioner argues that counsel was ineffective when he Counsel was ineffective when "he lied about a statement that petitioner was supposed to have writt[]en, and he failed to prepare my case for trial." (Entry 1 at 10.)



In the R&R, the Magistrate Judge found this ground to be without merit. First, to the extent the claim is based on counsel's alleged failure to investigate the Petitioner's case, the Magistrate Judge evaluated that claim in connection with ground two. Next, to the

9

extent the claim is based on the allegation that plea counsel lied by stating that the Petitioner had written an apology letter to the family, the Magistrate Judge determined that the Petitioner failed to show that counsel's performance was deficient, or that counsel's actions prejudiced the Petitioner.

In his objections, the Petitioner contends that the Magistrate Judge failed to explain her findings with respect to this ground. After review, however, the Court finds the Petitioner's objection without merit. As the Magistrate Judge noted, although the Petitioner is correct that counsel told the court that the Petitioner apologized to the family, which may or may not have been true, the Petitioner himself addressed the family at sentencing and stated, "I want to apologize to y'all and may God bless y'all and help y'all through these hard times." (Entry 18-2 at 12-13.) Thus, even if the Petitioner could somehow show that counsel's performance was deficient (which the Court does not find), he still has failed to show that he was prejudiced by counsel's actions. Accordingly, the Court affirms the Magistrate Judge's findings on this ground.

**V.    Ground Five**

As a final ground for relief, the Petitioner contends that the PCR court erred by finding no error in the issue of delayed indictments, or on the issue of the Petitioner's right to a speedy trial. With respect to the first issue–the alleged delayed indictment–the Magistrate Judge addressed the claim in connection with ground two and determined that the Petitioner offered no information to support his claim. The Magistrate Judge also found that the PCR court's determination on this issue–that the claim was "facially without merit" as the Petitioner failed to offer any evidence on the issue–was not contrary to or an unreasonable application of clearly established federal law. Next, with respect to the



10

alleged error in connection with his right to a speedy trial, the Magistrate Judge found that the issue was procedurally barred because it was not raised on PCR. In addition, because the record supported the finding that the Petitioner's plea was knowing, voluntary, and intelligent, the Magistrate Judge determined that the Petitioner cannot challenge under federal habeas corpus claims of pre-plea unconstitutionality.

In his objections, the Petitioner contends that this claim is not procedurally barred because he raised the issue before the York County Court of Common Pleas.

After review, the Court finds that the Petitioner's objection does not entitle him to relief. Rather, as the Magistrate Judge noted, the record indicates that the Petitioner's plea was knowing, voluntary, and intelligent, and the Court finds that the Petitioner's attempt to raise claims related to the alleged deprivation of constitutional rights that occurred prior to his entry of a guilty plea fails. See Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is, in fact, guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); see also United States v. Moreno-Serafin, No. 06-4959 2007 WL 3032798, *2 (4th Cir. Oct. 18, 2007) (noting that a knowing and voluntary guilty plea waives all non-jurisdictional defects such as a claim of a Speedy Trial Act violation). Here, the Petitioner admitted at his plea hearing that he was giving up his trial rights to plead guilty. Moreover, the Petitioner did not raise the issue of any alleged speedy trial issue in his PCR action. Based on the foregoing, the Court agrees with the Magistrate Judge that the Respondent is entitled to summary judgment on this ground.



## CONCLUSION

After a thorough review of the case, the Court finds that the Magistrate Judge's R&R accurately summarizes the case and the applicable law. Accordingly, it is hereby

**ORDERED** that the R&R (Entry 24) is adopted and incorporated herein; the Petitioner's objections (Entry 28) are overruled; and the Respondent's motion for summary judgment (Entry 17) is granted.

**AND IT IS SO ORDERED.**

/s/ Sol Blatt, Jr.
Sol Blatt, Jr.
Senior United States District Judge

April 7, 2016
Charleston, South Carolina

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that this Court's assessment of the constitutional claims is debatable or wrong or that the issues presented were adequate to deserve further attention. See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). Here, the Court finds that the Petitioner has not met the legal standard for the issuance of a certificate of appealability. Therefore, the Court denies a certificate of appealability.